# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| ERIC GLENN FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1219-JDT-cgc |
| | ) | |
| QUALITY CORRECTIONAL HEALTH CARE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER TO MODIFY THE DOCKET, DISMISSING COMPLAINT, GRANTING LEAVE TO AMEND AND DENYING MOTION TO SUBPOENA

On September 24, 2019, Plaintiff Eric Glenn Franklin, who at the time of filing was incarcerated at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Quality Correctional Health Care and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) After Franklin filed the necessary documents, the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 9.)

On November 4, 2019, the Clerk docketed a letter from the Madison County Sheriff's Office stating that Franklin had been released to the Henderson County Jail on October 27, 2019. (ECF No. 10.) The order granting leave to proceed *in forma pauperis* and assessing the filing fee was returned undeliverable on November 18, 2019. (ECF No. 11.) However, on November 22, 2019, the Clerk docketed a letter in Franklin's other pending case in this Court, the envelope for

which shows he has been released from custody and includes his new address. *See Franklin v. Criminal Justice Center, et al.*, No. 19-1186-JDT-cgc, ECF No. 11.[1]

Franklin alleges that "[t]he Medical Staff" has handled his medications "on a dirty flap that has had food trays on, milk and tea spilt on it[,]" and rusty water and mold on it. (ECF No. 1 at PageID 2.) He alleges the staff gives him medication meant for other inmates and have given him shots for his diabetes through the flap, which he alleges "is totally unsanitary." (*Id.*) Franklin alleges he has submitted sick-call requests to see the doctor, but "all they do is tell me that I am on the list." (*Id.*) Franklin alleges he has not yet seen a doctor "about any of this." (*Id.*)

Franklin wants his diabetes shots given in a "sanitary[,] clean environment where there is no black mold or unclean sanitation"; his medication "to be properly checked before they pass them out, [and] to advise us of any med changes"; an adequate grievance procedure "where they respond back in a timely fashion"; and $1.5 million in compensatory damages. (*Id.* at PageID 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.

---

[1] The Clerk is DIRECTED to modify the docket in this case to reflect the new address provided in case number 19-1186 and shall mail copies of both this order and Docket Entry #9 to Franklin at that new address.

2

*Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Franklin filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Franklin seeks to hold QCHC responsible for his allegedly inadequate medical treatment. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care or food services to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018). To prevail on a § 1983 claim against QCHC, Franklin "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).

Franklin has not alleged that a policy or custom of QCHC was the "moving force" behind the alleged violations of his constitutional rights. He instead complains about the actions of unnamed "medical staff" who presumably work for QCHC (though Franklin does not make this clear). He therefore fails to state a claim against QCHC.

To the extent Franklin seeks to hold the unnamed medical staff liable, he fails to state a claim. Franklin does not name any individual responsible for his allegedly inadequate medical care. His allegations against "the medical staff" are insufficient to state a claim against any individual. *See Gray v. Weber*, 244 F. App'x 753, 754 (8th Cir. 2007) (affirming dismissal of

inmate's § 1983 complaint alleging denial of medical care against Defendants identified "only collectively as 'medical staff'").

To the extent Franklin seeks relief for his unanswered grievances, he fails to state a claim. "There is no inherent constitutional right to an effective prison grievance procedure." *See LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). A § 1983 claim therefore cannot be premised on contentions that the grievance procedure was inadequate. *Id.*

Finally, because Franklin is no longer at the CJC, his requests for various injunctive relief are moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (claim for declaratory or injunctive relief is rendered moot by the plaintiff's transfer to a different prison facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same).

For all the foregoing reasons, Franklin's complaint is subject to dismissal for failure to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that Franklin should be given the opportunity to amend his complaint.

In conclusion, the Court DISMISSES Franklin's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend, however, is GRANTED. Any amendment must be filed within twenty-one (21) days after the date of this order.

Franklin is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Franklin fails to file an amended complaint within the time specified, the Court will dismiss the case in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

Franklin also has moved to subpoena "Officer McDowell of the Madison County Jail," whom he names for the first time. (ECF No. 7.) Because his complaint is still in the screening phase, and the Court has not yet directed that any Defendant should be served with process, his motion is premature. The motion is therefore DENIED without prejudice to refiling, if necessary, at a later, appropriate time.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE