UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ERIC GLENN FRANKLIN, | ) |
| Plaintiff, | ) |
| VS. | ) No. 19-1219-JDT-cgc |
| QUALITY CORRECTIONAL HEALTH CARE, | ) |
| Defendant. | ) |

ORDER DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS* AND
NOTIFYING PLAINTIFF OF RESTRICTIONS UNDER 28 U.S.C. § 1915(g)

On December 10, 2019, the Court issued an order dismissing Plaintiff Eric Glenn Franklin's *pro se* prisoner complaint and granting leave to amend. (ECF No. 12.) Franklin was warned that if he failed to file an amendment within twenty-one days, the Court would dismiss the case in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment. (*Id.* at PageID 35.)

Franklin has not filed an amended complaint, and the time within which to do so has expired. Therefore, this case is DISMISSED with prejudice in its entirety, and judgment will be entered in accordance with the December 10, 2019, order dismissing the original complaint for failure to state a claim.

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Franklin would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Franklin, this is the third dismissal of one of his cases as frivolous or for failure to state a claim.[1] This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Consequently, Franklin is warned that he will be barred from filing any further actions *in forma pauperis* while he is incarcerated unless he is in imminent danger of serious physical injury. If any new civil complaint filed by Franklin while he is incarcerated is not accompanied by the entire $400 civil filing fee, the complaint must contain allegations sufficient to show that, at the time of filing the action, he is in imminent danger of serious physical injury. If the new complaint does not sufficiently allege imminent danger, it will

---

[1] *See Franklin v. Crim. Justice Ctr.*, No. 19-cv-1186-JDT-cgc (W.D. Tenn. Jan. 10, 2020) (dismissed for failure to state a claim); *Franklin v. Pride*, No. 19-cv-1234-JDT-cgc (W.D. Tenn. Oct. 10, 2019) (same).

be dismissed without prejudice; Franklin would then have an opportunity to file, within 28 days, a motion to re-open the case accompanied by the $400 civil filing fee.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE